NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 15 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

THEODOR ATANUSPOUR,

Plaintiff-Appellant,

v.

RELIANCE STANDARD LIFE
INSURANCE COMPANY,

Defendant-Appellee.

No.    22-55765

D.C. No.
2:21-cv-06644-PA-AFM

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Argued and Submitted December 11, 2023
Pasadena, California

Before:  GRABER, CHRISTEN, and OWENS, Circuit Judges.

Plaintiff Theodor Atanuspour appeals the judgment in favor of Defendant

Reliance Standard Life Insurance Company in this action for recovery of long-term

disability ("LTD") benefits under the Employee Retirement Income Security Act

of 1974.  We review the district court's factual findings for clear error, Abatie v.

Alta Health & Life Ins. Co., 458 F.3d 955, 962 (9th Cir. 2006) (en banc), and we

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

review de novo its conclusions of law. Arnold v. Arrow Transp. Co. of Del., 926 F.2d 782, 785 (9th Cir. 1991). We affirm.

The elimination period ran from August 8, 2019, through November 6, 2019; thus, to receive LTD benefits resulting from his lumbar spine condition, Plaintiff had to show total disability during that entire period. The district court concluded that Plaintiff failed to prove that "his lumbar condition resulted in total disability prior to October 23, 2019." In so ruling, the district court did not clearly err. Dr. Nemat, the only treating physician for Plaintiff's lumbar spine condition at the time, stated that Plaintiff became temporarily totally disabled "from 10/23/2019." The medical records show that Plaintiff's condition improved during July of 2019, and he did not seek treatment for his lumbar spine condition again after late July until October 2, 2019.

Plaintiff argues that the district court legally erred by ruling that later medical evidence could not demonstrate disability during the relevant interval. We read the district court's decision differently. The court simply concluded, factually, that the additional records did not establish total disability prior to October 23, 2019, with respect to Plaintiff's lumbar spine condition. When its decision is viewed in that light, the district court did not clearly err. Dr. Grattan opined on April 27, 2021, that Plaintiff was not unable to work until November 4, 2020. Dr. Vahedifar noted that, as of June 25, 2020, Plaintiff was "functionally

limited in vocational activities and activities of daily living," and further noted on December 9, 2020, that Plaintiff would "need to be on disability[,]"but gave no starting date for Plaintiff's disability.  Dr. De Los Reyes noted chronic low back pain "that worsened in 10/2019"—which is consistent with Dr. Nemat's conclusions—and noted that Plaintiff was unable to work as of November 2020.

In short, the record contains no medical opinion contradicting the October 23, 2019, date for the onset of disability due to Plaintiff's lumbar spine condition. Accordingly, the district court did not clearly err in rendering its findings and permissibly entered judgment in favor of Defendant.

**AFFIRMED.**